UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MAURICE FREUND,

                         Plaintiff,                    AMENDED ORDER

          - against -                                  08cv1469 (FB)(MDG)

ELI WEINSTEIN, MICHAEL GINDI, BENJAMIN
HAGER, BUSHWICK ENTERPRISE GROUP, LLC,
SIFOROV, INC., QUICK 1031 EXCHANGE
QUALIFIED INTERMEDIARY. LLC, SIMCHA SHAIN
and PINE PROJECTS, LLC.

                         Defendants .

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        By motion filed on February 24, 2009, attorney Michael V. Blumenthal, a member of

Crowell & Moring LLP ("Crowell"),[1] seeks leave to withdraw as counsel for Eli Weinstein,

Quick 1031 Exchange Qualified Intermediary, LLC, Bushwick Enterprise Group, LLC and Pine

Projects, LLC (collectively called the "Weinstein defendants"). See ct. doc. 75.  The Weinstein

defendants and the other parties have not filed or voiced any objections.  None of the Weinstein

defendants appeared at the hearing scheduled on March 17, 2009.

        Local Civil Rule 1.4 provides that the court may grant counsel leave to withdraw "only

upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement

and the posture of the case, including its position, if any, on the calendar."  Mr. Blumental seeks

to withdraw because he believes the clients have failed to communicate with attorneys at

---

        [1] Local Civil Rule 1.4 requires that attorneys of record seek leave to withdraw.  Thus,
although Mr. Blumenthal makes the motion on behalf of Crowell, this Court deems the motion to
have been made by Amy Tridgell, of Crowell, who is the attorney of record for the Weinstein
defendants.

Crowell and have failed to pay legal fees. He also states that Eli Weinstein had previously advised that the defendants would be retaining new counsel but has, thus far, failed to do so. Based on the motion papers, this Court finds that counsel has established "satisfactory reasons" for withdrawal. See 22 N.Y.C.R.R. § 1200.15(c) (2009). Moreover, withdrawal at this juncture will not substantially disrupt this litigation since discovery is in the early stages. Therefore, it is hereby

ORDERED that the motion of Amy Tridgell or Crowell & Moring, LLP to withdraw as counsel for Eli Weinstein, Quick 1031 Exchange Qualified Intermediary, LLC, Bushwick Enterprise Group, LLC and Pine Projects, LLC is granted; and it is further

ORDERED that this action is stayed until May 18, 2009 to give Eli Weinstein, Quick 1031 Exchange Qualified Intermediary, LLC, Bushwick Enterprise Group, LLC and Pine Projects, LLC time to retain new counsel; and it is further

ORDERED that until such time as new counsel for Eli Weinstein, Quick 1031 Exchange Qualified Intermediary, LLC, Bushwick Enterprise Group, LLC and/or Pine Projects, LLC enters a notice of appearance, service of papers by mail upon them at the address below, shall be deemed sufficient service, and it is further

ORDERED that a status conference will be held in the above-captioned case on **May 19, 2009 at 2:00 p.m.** before Marilyn D. Go, United States Magistrate Judge, in Courtroom 11C at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York. No request for adjournment will be considered unless made at least seventy-two (72) hours before the scheduled conference.

Warnings to the Defendants

Defendants Quick 1031 Exchange Qualified Intermediary, LLC, Bushwick Enterprise Group, LLC and Pine Projects, LLC are advised that corporations and limited liability

companies must appear through counsel in federal court proceedings. <u>See</u> <u>Lattanzio v. COMTA</u>, 481 F.3d 137, 139-40 (2d Cir. 2007). If no attorney enters a notice of appearance on behalf either defendant by May 18, 2009, the Court shall enter a default judgment against such defendant.

Defendant Eli Weinstein is advised that if he is unable to obtain new counsel, he will be expected to proceed by himself. If he proceeds without counsel, he is advised that every communication sent to the Court must also be sent to the opposing party or counsel. Any document received by a district judge or magistrate judge which fails to indicate that a copy has been sent to the attorney for plaintiff may be disregarded by the Court. He is further advised he must send written notice to the judge, the Clerk of the Court and counsel for plaintiffs of any changes in his or her mailing address and/or telephone numbers.

Defendants are advised that if they fail to appear at a scheduled court conference or comply with court orders or discovery requests, they could be subject to sanctions, including a fine and assessment of attorneys' fees. Continued failure to comply could ultimately result in dismissal of this action.

**SO ORDERED.**

Dated:   Brooklyn, New York
         March 18, 2009

/s/_____ _____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Pine Projects Developers LLC            Lakewood, NJ  08701
805 Cross Street, Ste. 6
Lakewood, NJ  08701

Quick 1031 Exchange Qualified
Intermediary LLC
c/o Eli Weinstein
596 Seton Circle

Bushwick Enterprise Group, LLC
c/o  Eli Weinstein
596 Seton Circle
Lakewood, NJ  08701

Eli Weinstein
596 Seton Circle
Lakewood, NJ  08701