```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

MAURICE FREUND,

                Plaintiff,
                                              ORDER
        - against -
                                              CV 2008-1469 (FB)(MDG)
ELI WEINSTEIN, et al.

                Defendants.
- - - - - - - - - - - - - - - - - - X
```

Defendant Benjamin Hager moves for a stay of discovery pending the Court's decision on his motion to dismiss. Plaintiff Maurice Freund and defendant/cross-plaintiff Simcha Shain oppose the application. For the following reasons, this application is denied.

## BACKGROUND

Plaintiff alleges that the defendants Hager, Eli Weinstein, Michael Gindi, Bushwick Enterprise Group, LLC ("Bushwick"), Siforov, Inc. ("Siforov"), Quick 1031 Exchange Qualified Intermediary LLC ("Quick 1031"), Simcha Shain and Pine Projects, LLC ("Pine Projects") fraudulently induced him to participate in two transactions and aided and abetted and conspired with each other to defraud him. In order to induce plaintiff into investing, Weinstein sent plaintiff a "Share Sale Agreement" dated May 8, 2007 providing that Weinstein and Gindi were the sole owners of Bushwick, which owned real property on DeKalb Avenue in Brooklyn (the "DeKalb Property") and that Weinstein and

Gindi had an agreement with Siforov to purchase the Bushwick membership shares for $16.2 million. Second Amended Complaint ("Sec. Am. Compl.") at ¶ 20. Hager, the attorney representing Weinstein, Gindi and Bushwick, drafted the "Share Sale Agreement." Id. at ¶ 86(c). Plaintiff further alleges that he agreed to purchase shares in Bushwick for $4.78 million only after defendant Hager informed him that Siforov had placed a downpayment of $1,000,000 into Hager's escrow account and was prepared to close the transaction. Id. at ¶ 22. A few days after Hager's representation to plaintiff, Hager returned the downpayment to Siforov without informing plaintiff that he had done so. Id. at ¶¶ 29-30. To date, plaintiff has not been able to determine whether the shares in Bushwick were sold. Id. at ¶ 31. Plaintiff claims a total loss of his $4.78 million investment. Id. at ¶ 88.

In a separate transaction, plaintiff wired $1.695 million into Hager's escrow account for the purpose of loaning it to Weinstein for a Florida real estate project (the "Melbourne Project"). Id. at ¶ 44. Instead, Hager allegedly released the funds to Weinstein for his personal use. Id. at ¶ 123.

## DISCUSSION

A party seeking a stay of discovery pursuant to Fed. R. Civ. P. 26(c) bears the burden of showing good cause. Telesca v. Long Island Hous. P'ship, Inc., No. CV 05-5509, 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006); Spencer Trask Software & Info. Servcs.,

LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002). The pendency of a dispositive motion is not, in itself, an automatic ground for a stay. Id. Rather, a court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case. Hachette Distrib., Inc. v. Hudson County News Co. Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991). Courts consider the following factors in determining whether a stay is appropriate: 1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay. See Telesca, 2006 WL 1120636, at *1; In re Currency Conversion, No. MDL 1409, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2005). Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, the type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations, and the posture or stage of the litigation. See Telesca, 2006 WL 1120636, at *1; Hachette, 136 F.R.D. at 358.

This Court has preliminarily reviewed the papers submitted by the parties with respect to defendant Hager's motion to dismiss plaintiff's causes of action for fraud, aiding and abetting fraud, conspiracy to defraud, breach of fiduciary duty and conversion. Challenging the sufficiency of the allegations against him, defendant Hager argues that his representation to

plaintiff that Siforov made a down payment pursuant to the Share Sale Agreement was literally true at the time it was made and that there was no escrow agreement between Hager and plaintiff relating to the loan to Weinstein.

While defendant Hager may have substantial arguments for dismissal of some of the claims, this Court is doubtful that he will succeed in dismissing all of the claims against him. For example, Hager is unlikely to prevail in his attempt to dismiss plaintiff's fraud claims on the grounds that his representations to plaintiff were true when made in light of plaintiff's allegation that Hager knew that Siforov's down payment was a sham. Sec. Am. Compl. at ¶¶ 78-79, 85. "Once a party has undertaken to mention a relevant fact to the other party it cannot give only half of the truth." Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993). Even though Hager had no duty to speak to plaintiff about the transaction, once he undertook to do so, Hager was not permitted to conceal any material facts within his knowledge which would qualify his statements. See Banque Indosuiez v. Barclays Bank PLC, 181 A.D.2d 447, 447 (1st Dep't 1992) (defendant bank provided plaintiff with letter of reference indicating that overdraft was "under review" on same day that defendant bank demanded repayment of the overdraft); J&J Trading Co. V. Republic Nat'l Bank, 715 N.Y.S.2d 290, 296 (N.Y. Civ. Ct. 2000); see also Ragland v. Shattuck Nat'l Bank, 36 F.3d 983, 990-92 (10th Cir. 1994) (bank had duty to disclose whole truth about customer's credit

information once it volunteered to provide information). Moreover, plaintiff alleges that Hager represented to plaintiff that Siforov was prepared to close the transaction. Sec. Am. Compl. at ¶ 21. Even statements of opinion are actionable if they are made in bad faith or are not reasonably supported by the available evidence. See CPC Int'l Inc. v. McKesson Corp., 70 N.Y.2d 268, 286 (1987); see also In re Credit Suisse First Boston Corp. Sec. Litig., No. 97 Civ. 4760, 1998 WL 734365, at *5 (S.D.N.Y. Oct. 20, 1998) (applying section 10(b) and Rule 10b-5).

In addition, even if defendant Hager prevails on his arguments regarding the insufficiency of the allegations in the complaint, plaintiff may very well be able to cure the deficiencies if allowed to amend the complaint. See Rajbhandari v. Shah, No. 02 Civ. 8778, 2006 WL 74393, at *6 (S.D.N.Y. Jan. 11, 2006) (motion to dismiss fraud claim granted and complaint dismissed with leave to replead where plaintiff failed to comply with Fed. R. Civ. P. 9(b)); see also In re Currency Conversion, 2002 WL 88278, at *2 (challenging sufficiency of facts alleged in complaint militates against a stay).

Significantly, Hager is the only defendant in this action who has filed a dispositive motion. Given the nature of the allegations against Hager, he will be an important witness concerning the two transactions at issue. Even if Hager's motion to dismiss is granted, the plaintiff will continue to seek discovery from him as a non-party and depose him. See ct. doc. 80 at 1. Although non-party discovery involves different

procedures, the absence of a stay would not result in an undue burden on Hager.  See Hollins v. U. S. Tennis Ass'n, 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006) ("Discovery of the moving defendants is inevitable regardless of the outcome of their motions to dismiss"); Hachette, 136 F.R.D. at 358-59.  He has already responded to plaintiff's written discovery requests, see ct. doc. 80 at 1, and will undoubtedly be deposed irrespective of the outcome of his motion.  Having to participate in the depositions of other witnesses also does not constitute "good cause."  See Hollins, 469 F. Supp. 2d at 79; Howard v. Galesi, 107 F.R.D. 348, 350 (S.D.N.Y. 1985).

The fact that plaintiff is pursuing discovery expeditiously also weighs against delaying discovery by granting a stay.  See Hachette, 136 F.R.D. at 359.

In sum, after weighing the relevant factors, I find that defendant Hager has not established good cause to warrant a stay of discovery pending the Court's ruling on his motion to dismiss. Accordingly, the application for a stay is denied.

## CONCLUSION

For the foregoing reasons, Hager's application for a stay is denied.

**SO ORDERED.**

Dated:   Brooklyn, New York
         July 8, 2009

                                    /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE