UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

MAURICE FREUND,
                    Plaintiff,

    - against -
                                              ORDER

ELI WEINSTEIN, MICHAEL GINDI, BENJAMIN
HAGER, BUSHWICK ENTERPRISE GROUP, LLC,        08cv1469 (FB)(MDG)
SIFOROV, INC., QUICK 1031 EXCHANGE
QUALIFIED INTERMEDIARY, LLC, SIMCHA
SHAIN and PINE PROJECTS, LLC.

                    Defendants.
- - - - - - - - - - - - - - - - - -X

This order concerns subpoenas served on:

**VLADIMIR SIFOROV.**

- - - - - - - - - - - - - - - - - -X

By letter dated November 15, 2009, Solomon Rubin, Esq., counsel for plaintiff MAURICE FREUD has moved for a conference and to find VLADIMIR SIFOROV (the "deponent") in contempt for failing to comply with a subpoena requiring him to testify at a deposition. See ct. doc. 102. Mr. Rubin states that the deponent failed to appear on the date set forth in a subpoena served upon him and has not responded to efforts to procure compliance. Id.

Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena. Fed. R. Civ. P. 45(a)(3). Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served.

See, e.g., Advisory Committee Notes, 1991 Amendment to Fed. R. Civ. P. 45; Board of Govenors of Federal Reserve System v. Pharaon, 140 F.R.D. 634, 641-42 (S.D.N.Y. 1991).

Absent an improperly issued subpoena or an "adequate excuse" by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued. Fed. R. Civ. P. 45(e); see also Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991). Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena. See David D. Siegel, Fed. R. Civ. P. 45, Practice Commentaries, C45-26.

Having examined the affidavit of service attached to the letter application, the Court finds that the subpoena was valid and properly served upon deponent VLADIMIR SIFOROV.[1] Deponent has not offered any reason for not complying and no objections have been filed.

---

[1] The process server states in the return that he served the deponent by delivery of the subpoena upon his wife, Nataliz Nikiforova. This Court follows the reasoning of the courts in the Second Circuit that delivery which reasonably ensures actual receipt by a witness satisfies service requirements under Rule 45. See, e.g., JP Morgan Chase Bank, N.A. v. IDW Group, LLC, 2009 WL 1313259, at *2-*3 (S.D.N.Y. 2009); Medical Diagnostic Imaging, PLLC v. CareCore Nat., LLC, 2008 WL 3833238, at *2-*3 (S.D.N.Y. 2008). See also Ultradent Products, Inc. v. Hayman, 2002 WL 31119425, at *3-4 (S.D.N.Y. 2002) (service of subpoena on third party witness by certified mail sufficient to satisfy Rule 45); First City, Texas-Houston v. Rafidain Bank, 197 F.R.D. 250, 255 (S.D.N.Y. 2000), aff'd, 281 F.3d 48 (2d Cir. 2002) (affirming service by "nail and mail"); King v. Crown Plastering Corp., 170 F.R.D. 355, 356 n.1 (E.D.N.Y. 1997) (any means of service in accordance with New York procedural law sufficient to satisfy Rule 45 requirements).

**CONCLUSION**

The plaintiff has sufficiently demonstrated that he is entitled to relief because of the deponent's failure to comply with a valid subpoena. However, this Court declines at this juncture to impose the drastic relief of contempt requested. Rather, VLADIMIR SIFOROV is directed to contact Solomon Rubin or other responsible attorney at the law offices of Jan Meyer & Associates, P.C. immediately to arrange for a mutually convenient date for him to appear to give testimony. Mr. Siforov must call that law firm by December 2, 2009 and appear for a scheduled deposition to be held on or before December 11, 2009.

**VLADIMIR SIFOROV is warned that if he fails to comply with this order and comply with the subpoena, he could be found in contempt. A subpoenaed person found to be in contempt could be subject to sanctions, including imposition of a fine, attorneys fees and costs. If the failure to comply continues, the Court could issue a warrant of arrest. A copy of this order, which will be filed electronically, will sent by overnight mail upon the deponent at the address below.**

**SO ORDERED.**

Dated:  Brooklyn, New York
         November 23, 2009

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE

By Federal Express to:
VLADAMIR SIFOROV
717 Summer Drive
Manalapan, NJ 07726