**MINUTE ORDER**

**08cv01469** (FB)  **FREUND V. WEINSTEIN ET AL**

This order summarizes[*] and clarifies rulings made on the record at a conference held on August 31, 2010 with respect to plaintiff's Motion to Compel the Weinstein defendants and defendant Hager [143] and Hager's motion to compel plaintiff to respond deposition questions [149].

Plaintiff's Motion to Compel Weinstein [143]

The Court grants in part and denies in part plaintiff's Motion to Compel as to the Weinstein defendants as follows:

1. If plaintiff and Weinstein cannot reach agreement on a stipulation regarding Weinstein's condition when he testified at his deposition on 5/17/10, Weinstein must identify medications and dosages taken prior to the deposition and other information regarding his competence to testify.

2. Weinstein shall identify the e-mail address and individuals that are the subject of requests 3, 8 and 10 and respond to requests 8 and 10 to the extent any documents may have bearing in providing information for contacting or locating said individuals.

3. Weinstein must respond to document requests 4 and 5, but only as to Weinstein's deposition testimony from transcripts not previously obtained by plaintiff. Plaintiff shall promptly advise Weinstein's counsel which transcripts he has.

4. Weinstein must respond to requests 2, 9, 12, 13 as posed.

5. Request 7 is limited to the properties that are at issue in this litigation.

6. Weinstein shall also produce a copy of his flight tickets in support of his affidavit regarding his unavailability for the 7/14/10 deposition.

7. Weinstein must confer with Hager by 9/8/10 as to whether Hager should assert attorney client privilege in responding to Plaintiff's discovery requests to Hager that are also subject to the motion to compel.

8. Weinstein must produce by 9/15/10 the information ordered

---

[1] More specific rulings may have been made on the record. The parties are responsible for complying to the extent stated on the record.

regarding his e-mail addresses and identification of persons he mentioned in his deposition that are the subject of requests 8 and 10, medical information (in the absence of a stipulation) and documentation regarding his travel to support his affidavit regarding his .  He must produce the remaining discovery ordered by 9/30/10.  There will be NO extensions.

Plaintiff's Motion to Compel Hager [143]

Hager agrees to respond to plaintiff's requests and must do so by 9/15/10.  Prior to responding, the parties should confer to try to minimize redundant production by both Hager and Weinstein.

Hager's Motion to Compel Plaintiff [148]

The Court grants in part and denies in part Hager's motion to compel plaintiff [149] to respond to questions in a follow-up deposition the following extent:

(1)  Plaintiff must respond to questions regarding his bank accounts, but only as to accounts used in connection with the transactions at issue.

(2)  Hager's motion to compel answers to questions marital communications is denied without prejudice.  The questions must be rephrased and limited to questions determine whether a confidential relationship exists.

(3)  Hager may question plaintiff as to recently produced documents, including follow-up questions which may logically flow from questioning regarding the documents recently produced, even if the questions touch upon previously produced documents.

(4)  Plaintiff must respond to questions regarding the settlement check.  This ruling shall not be deemed a determination as to admissibility of any answers given.

(5)  Court reserves decision on that part of Hager's motion to compel responses re communications with NJ prosecutors.  The parties are to brief by 9/21/10 the issue the applicable law with respect to the objections to questions surrounding the criminal complaint filed against Mr. Weinstein in the USDC-DNJ.

**SO ORDERED.**

Dated:     Brooklyn, New York
           August 31, 2010

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE