**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**FREUND V. WEINSTEIN, et al.**
**CV 2008-1469 (FB)**

**MINUTE ORDER**

This Minute Order reflects rulings made at a conference held on April 18, 2013 regarding plaintiff's [193], [200], [202] and [203] Motions to Compel and defendant Hager's [198] Motion to Compel.

1) **[193] Plaintiff's Motion to Compel as to Hager**
   A.  Crime-Fraud Exception

Plaintiff argues that certain communications between defendants Hager and Weinstein that would otherwise be shielded from discovery by the attorney-client privilege should be produced pursuant to the crime-fraud exception to the privilege.

As the Supreme Court has explained, although the attorney-client privilege generally protects communications regarding the past commission of criminal conduct for the purpose of receiving legal advice, it is not intended to protect "communications 'made for the purpose of getting advice for the commission of a fraud' or crime." United States v. Zolin, 491 U.S. 554, 563 (1989) (quoting O'Rourke v. Darbishire, 1920 A.C. 581, 604 (P.C.)).  In the Second Circuit, the crime-fraud exception pierces the privilege where "'the client communication . . . was *itself* in furtherance of the crime or fraud' and 'probable cause [exists] that the particular communication . . . was *intended* in some way to facilitate or conceal the criminal activity.'" In re Richard Roe, Inc. ("Roe II"), 168 F.3d 69, 71 (2d Cir. 1997) (quoting In re Richard Roe, Inc. ("Roe I"), 68 F.3d 40, (2d Cir. 1995)) (emphasis on original).

In deciding whether documents should be produced pursuant to this exception, courts may engage in in camera review.  Before undertaking such a review, a court "should require a showing of a factual basis adequate to support a good faith belief by a reasonable person . . .

-1-

that an in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." Zolin, 491 U.S. at 572 (quoting Caldwell v. District Court, 644 P.2d 26, 33 (Colo. 1982)). In examining the evidence, the court should consider:

> the facts and circumstances of the particular case, including, among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence, produced through in camera review, together with other available evidence then before the court, will establish that the crime-fraud exception does apply.

Id., 491 U.S. at 572.

This Court finds that plaintiff has made a sufficient showing, including the fact that defendant Weinstein pled guilty to real estate investment fraud; defendant Hager resigned from the New York State bar after a complaint was made about Hager's participation in similar fraudulent transaction as plaintiff alleged in this matter, as discussed in Matter of Benjamin Hager, 94 A.D.3d 161, 941 N.Y.S.2d 53 (1st Dept' 2012); the deposition testimony of Mr. Siforov discussing his business dealings with Weinstein; the Siforov contract; and the fraudulent check purporting to represent a deposit in furtherance of the Siforov contract, such that a reasonable person would believe that communications between Weinstein and Hager were in furtherance of real estate investment fraud and that such communications were intended to facilitate or conceal the fraud. Defendant Hager's argument that the communications at issue post-date plaintiff's initial decision to invest with Mr. Weinstein go to relevance, not whether the crime-fraud exception should pierce Hager's assertion of the privilege.

Therefore, defendant Hager must produce to the Court documents Bates stamped 384-388, 395-516 and 535-536 by no later than April 23, 2013.

### B. Bushwick Documents

All of the documents plaintiff requests pursuant to the joint client theory will be examined by the Court in its in camera review with respect to the applicability the crime-fraud exception. The Court

will consider the parties' arguments on this theory during its examination of the relevant documents.

    C. <u>Executed Documents on Privilege Log</u>

Plaintiff is correct that executed documents generally may not be shielded by the attorney-client privilege. Since defendant Hager contends that the documents were not, in fact, executed, he is given an opportunity to supplement his submissions to explain why the privilege applies to these documents. As discussed on the record, it may be appropriate for Hager to submit an affidavit detailing the circumstances under which the documents were produced. Furthermore, Hager should amend the privilege log to clarify the dates of the documents. Hager's supplemental submissions must be filed by May 3, 2013 and plaintiff's response filed by May 10, 2013.

    D. <u>Deposition Questions</u>

Decision is reserved after consideration of the additional submissions and further review of prior orders and prior pleadings.

2) **[198] Hager's Motion to Compel as to Plaintiff**

Defendant Hager argues that communications involving David Freund, plaintiff and plaintiff's attorney should be produced because the presence of David Freund vitiates the attorney-client privilege that would otherwise shield these documents from disclosure. The Court is troubled by plaintiff's simultaneous assertion of the attorney-client privilege on the theory that David Freund acted as an agent of plaintiff and his refusal to produce David Freund for a deposition or to accept a subpoena on his behalf. However, that concern aside, the Court finds that plaintiff has not met his burden of proving that the attorney-client privilege protects these communications because he has provided no persuasive evidence that David Freund acted as his brother's agent. The mere fact that David Freund communicated with defendant Weinstein on his brother's behalf does not create an agency relationship. Plaintiff may supplement his submissions by April 30, 2013 to establish that an agency relationship existed between plaintiff and David Freund. Defendant Hager's response must be filed by May 3,

2013. Plaintiff must confirm whether David Freund will be traveling to the United States to testify at defendant Weinstein's sentencing on June 17, 2013 so the parties can arrange for his deposition.

3) **[200], [202] Plaintiff's Motions to Compel as to Weinstein**

Plaintiff seeks to compel defendant Weinstein to produce previously requested documents and to appear at a deposition as previously ordered by this Court. Since this Court previously ordered production, this time to produce all documents responsive to plaintiff's requests is extended only to April 30, 2013. Weinstein must amend his Rule 7.1 Statement by April 22, 2013, as also previously ordered. The Court deems all of Weinstein's documents seized by the government to be in control of Weinstein, particularly the ones provided to his defense counsel.

The Court has already ordered defendant Weinstein to appear for a deposition, see [192] Order of the Court; Order of the Court dated Mar. 21, 2013, and the Court's ruling remains in place. The deposition must be held by no later than May 24, 2013, and counsel for defendant Weinstein must confirm a date by no later than April 25, 2013. In light of the fact that plaintiff has already deposed Weinstein for one day and admits he has little likelihood of recovering any losses other than through restitution in the criminal case, the deposition is limited to four hours of examination by plaintiff and three hours of examination total for the other defendants. The Court recognizes that a guilty plea is not a waiver of self-incrimination for the sentencing phase of the case and therefore, where a defendant has not yet been sentenced, he "may have a legitimate fear of adverse consequences from further testimony." Mitchell v. United States, 526 U.S. 314, 326 (1999). Defendant Weinstein is free to assert his Fifth Amendment right against self-incrimination, but if he so chooses, he must do so on a question-by-question basis.

However, when a civil litigant claims Fifth Amendment privilege, "courts . . . should seek out those ways that further the goal of permitting as much testimony as possible to be presented in the civil

-4-

litigation." 4003-4005, 55 F.3d at 84. One approved method of accomplishing this is for the parties to consent to the use of a protective order limiting disclosure of potentially incriminating testimony. Martindell v. Intern. Tel. and Tel. Corp., 594 F.2d 291, 296 (2d Cir. 1979) (upholding Fed. R. Civ. P. Rule 26(c) protective order consented to by parties protecting deposition transcripts and denying United States government access to the transcripts in criminal proceeding); Andover Data Servs. v. Statistical Tabulating Corp., 876 F.2d 1080, 1084 (2d Cir. 1989) (Court's ruling that judge could not compel self-incriminating testimony pursuant to Rule 26(c) protective order "is in no way intended to abrogate the Martindell line of cases, wherein we have upheld the use of protective orders limiting disclosure of potentially incriminating testimony where parties have voluntarily consented to testify in reliance upon such protective orders") (emphasis in original).

In order to respect defendant's Fifth Amendment privilege while facilitating discovery, a court may enter or approve an order protecting the confidentiality of incriminating material. Such a protective order is appropriate 1) where a defendant has asserted his Fifth Amendment privilege, 2) where the parties have voluntarily agreed to enter into a protective order to shield confidential information from disclosure, and 3) the order is narrowly tailored to shield only discovery communicated by defendant that implicates his Fifth Amendment privilege. U.S. v. Hines, 2012 WL 5182910, at *8-*9 (E.D.N.Y. 2012).

Therefore the parties are encouraged to consider agreeing to a protective order that would ensure the confidentiality of any potentially incriminating information that defendant Weinstein may reveal at deposition while allowing discovery to proceed in this matter.

## 4) [203] Plaintiff's Motion to Compel as to Hager's Disciplinary Proceedings

As noted, Hager bears the burden of showing that the documents pertaining to the disciplinary proceedings brought against him are

confidential. Since the First Department order accepting his resignation does not indicate that the proceedings are confidential and should be sealed, this Court grants plaintiff's motion. However, this order is stayed until May 2, 2013 to permit defendant Hager to make an application to the Supreme Court of New York, Appellate Division, First Department for an order addressing the confidentiality of documents pertinent to the disciplinary action against defendant Hager discussed in <u>Matter of Benjamin Hager</u>, 94 A.D.3d 161, 941 N.Y.S.2d 53 (1st Dept' 2012). If defendant Hager chooses to make such an application, he must give prompt notice to plaintiff's counsel. If defendant Hager does not make such an application by May 2, 2013, Hager must promptly comply with the Court's order that the documents be produced. If a confidentiality order is issued, Hager is given leave to seek reconsideration from this Court. However, this Court notes, notwithstanding the importance of comity and respect for state court decisions, any confidentiality order shall be weighed against the need to complete discovery in this case promptly and the potential relevance of the information.

5) **<u>Remaining scheduling issues</u>**

Discovery is extended to June 17, 2013. Plaintiff's deposition must be held the week of June 9, 2013. The conference previously scheduled for May 14, 2013 at 2:00 p.m. will be held to discuss the parties' progress on discovery and to explore settlement. Defendant Weinstein must amend his Rule 7.1 Statement by no later than April 22, 2013.

**SO ORDERED.**

Dated:    Brooklyn, New York
          April 23, 2013

                                    /s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE