UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MAURICE FREUND,

                Plaintiff,              **MEMORANDUM & ORDER**

         - against -                  08-cv-1469 (PKC) (MDG)

ELI WEINSTEIN, MICHAEL GINDI,
BENJAMIN HAGER, BUSHWICK
ENTERPRISE GROUP, LLC, SIFOROV,
INC., QUICK 1031 EXCHANGE QUALIFIED
INTERMEDIARY, LLC, SIMCHA SHAIN
and PINE PROJECTS, LLC,

                Defendants.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

       This order addresses the claims remaining in this action. Plaintiff has reached agreements to settle with Defendant Benjamin Hager and Defendants Eli Weinstein, Pine Projects, LLC and Bushwick Enterprise Group, LLC (collectively, the "Weinstein Defendants"), which are evidenced by a stipulation of dismissal as to Hager and a consent judgment as to the Weinstein Defendants. (*See* Dkt. 242, 242, 247, and 249.) However, Plaintiff did not reach an agreement to settle with the other Defendants named in the Second Amended Complaint (Dkt. 19): Defendants Siforov, Inc., Quick 1031 Exchange Qualified Intermediary LLC ("Quick LLC"), Michael Gindi, and Simcha Shain.

       In response to an order issued on April 20, 2016 by the Honorable Marilyn D. Go regarding Plaintiff's claims against Quick LLC, Jan Meyer, Plaintiff's counsel, advised in a letter filed on May 19, 2015 ("Pl.'s May 19 Letter") that his client authorized him to "withdraw the remaining claims and will not move forward with this matter." (Dkt. 252.) Since Plaintiff seeks to

discontinue this action, the Court treats the letter as a motion for dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure. To date, there have been no responses to Plaintiff's letter.

For the reasons that follow, the Court dismisses claims involving Siforov, Inc. and Quick LLC, including cross-claims, and all cross-claims brought by the Weinstein Defendants against Gindi. In the absence of any response or objection from Gindi or Shain, all claims involving these two Defendants will also be dismissed.

**DISCUSSION**

Rule 41(a) governs the dismissal of actions. Subsection (1) of this Rule provides for voluntary dismissal by a plaintiff without a court order by filing: (1) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A). Otherwise:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). The Rule also "applies to a dismissal of any counterclaim, crossclaim, or third-party claim." Fed. R. Civ. P. 41(c).

Siforov, Inc. has neither answered nor appeared in this action. Since Siforov, Inc. has never appeared, Plaintiff's letter operates as a voluntary dismissal of the claims against this Defendant pursuant to Rule 41(a)(1)(A)(i), and those claims are hereby dismissed.

The three remaining Defendants, Quick LLC, Gindi and Shain, have appeared and filed answers to Plaintiff's Second Amended Complaint. (*See* Dkts. 26 (Quick LLC answer), 34 (Shain answer), 40 (Gindi answer).). Thus, Plaintiff's claims against them cannot be dismissed except by

stipulation signed by all appearing parties or by court order. Fed. R. Civ. P. 41(a)(1)(A)(ii) and 41(a)(1)(A)(2).

Although Quick LLC originally appeared through the same counsel who represented the Weinstein Defendants,[1] it did not retain new counsel after the Court granted the motion of David Carlebach, the last counsel of record for these Defendants, for leave to withdraw at a hearing on November 30, 2010. Quick LLC did not participate at the motion hearing or at any subsequent proceedings. As Quick LLC was previously advised, a corporation may not appear in the federal courts except through counsel (Dkt. 83). *See also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Chao v. Russell P. Le Frois Builder, Inc.*, 291 F.3d 219, 226 n.7 (2d Cir. 2002). Quick LLC not only failed to retain new counsel, but it has also utterly failed to participate in any way in this action since 2010. Quick LLC's inaction would be an appropriate basis for striking its answer and entering default, but Plaintiff has sought instead to discontinue his claims against Quick LLC. Since Quick LLC has demonstrated no interest in pursuing this action and has not asserted any counterclaims against Plaintiff, the Court finds dismissal of Plaintiff's claim with prejudice against this Defendant to be proper pursuant to Rule 41(a)(2). *See Miran Jeon v. Lee So Hee*, No. 11-cv-974, 2015 WL 789984, at *3 (E.D.N.Y. 2015).

Gindi and Shain, the two other appearing Defendants who remain, have participated in this action, most recently, at a conference on January 6, 2016. At that conference, Judge Go set a schedule for the exchange of joint pretrial order submissions and required that a proposed joint pretrial order be sent to her by May 19, 2016. However, neither Gindi nor Shain have filed any document with the Court since that conference and also have not responded to the May 19 Letter

---

[1] Counsel for Quick LLC filed an answer on behalf of this Defendant and the Weinstein Defendants.

from Plaintiff's counsel. Judge Go advises that she has not received any communications from Gindi and Shain regarding pretrial order submissions.

Given their silence, the Court is doubtful that Gindi and Shain have any objection to withdrawal of Plaintiff's claims against them. Since they have not asserted any counterclaims against Plaintiff, dismissal of Plaintiff's claims against them is permissible under Rule 41(a)(2). The Court, therefore, dismisses Plaintiff's claims against Gindi and Shain.

Finally, the Court addresses Defendants' cross-claims against each other. Both Gindi and Shain have asserted cross-claims against other Defendants in their answers to Plaintiff's Second Amended Complaint. (*See* Dkts. 30, 35.) Gindi asserts a cross-claim only against Eli Weinstein, a claim based on bare allegations contained in two paragraphs of his answer. (*See* Dkt. 35 (Gindi answer) at ¶¶ 20, 21.) Alleging that because "[a]ny agreements purportedly made on behalf of defendant Gindi were made by defendant Weinstein without defendant Gindi's authorization, knowledge or consent," Gindi claims that Weinstein "is liable for all such amounts by reason of contribution and/or indemnification." (*Id.*)

Shain asserts cross-claims against all of the other Defendants for indemnification, but also bases his claims on sparse allegations lacking in specificity. (*See* Dkt. 34 (Shain answer) at ¶¶ 22-25.) Shain alleges that "if plaintiff sustained the damages alleged in the Second Amended Complaint, . . . these damages were caused in whole or in part by the actions, inactions and/or misrepresentations of the other defendants, and not by any actions, inactions or misrepresentations made by Shain." (*Id.* at ¶ 11.) He thus claims he "is entitled to complete or partial indemnification by defendants Weinstein, Gindi, Hager, Bushwick, Siforov, Quick 1031 and/or Pine Projects, for any sums Shain may be compelled to pay as a result of any damages, judgment, or other awards recovered by plaintiff or any other party against Shain." (*Id.* at ¶ 13.) He also seeks costs and

expenses, including attorneys' fees from Weinstein, Gindi, Hager, Bushwick, Siforov, Quick 1031 and/or Pine Projects. (*Id.* at ¶ 14.)

Setting aside whether Gindi or Shain have pled viable claims for contribution or indemnification,[2] their claims for reimbursement of any damages recovered against them by Plaintiff are moot since neither face any potential liability from Plaintiff. They also have not submitted any proposed joint pretrial order submissions indicating that they intend to pursue their respective cross-claims for contribution or indemnification. If they intend to pursue such claims, they must file a letter by July 29, 2016, so advising the Court and the remaining Defendants of such intent. If such notice is given, they must promptly submit proposed joint pretrial order submissions with respect to these cross-claims. Their time to do so is extended to August 5, 2016. If they do not give notice that they intend to pursue their cross-claims, the Court will assume that they consent to dismissal of their cross-claims and will also dismiss all claims against them.

Eli Weinstein and Pine Projects have asserted five cross-claims against Gindi in their answer to the Second Amended Complaint, including claims for breach of contract, conversion, negligence, and breach of fiduciary duty, in addition to claims for contribution and

---

[2] Under New York law, indemnification arises "only under an express contract of indemnification, or where one defendant is held vicariously liable for the negligence of another." *Resolution Trust Corp. v. Young*, 925 F. Supp. 164, 169 (S.D.N.Y. 1996). Neither Gindi nor Shain allege the existence of any contract. *See Playwell Toy, Inc. v. Bureau Veritas Consumer Products Servs., Inc.*, No. 03-cv-0704, 2007 WL 2892031, at *7-8 (W.D.N.Y. Sept. 28, 2007).

Moreover, Gindi and Shain are precluded under New York from seeking indemnification if they are "partially at fault" or "responsible to any degree." *Monaghan v. SZS 33 Assoc., L.P.*, 73 F.3d 1276, 1284 (2d Cir. 1996). Rather, they only have the remedy of contribution. *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 319, 326-27 (S.D.N.Y. 2010) (citing *Johnson City Cent. School Dist. v. Fidelity & Deposit Co. of Md.*, 272 A.D.2d 818, 822 (3d Dep't 2000)). However, Gindi's and Shain's claims for contribution against Hagar and the Weinstein Defendants, who have reached agreements to settle with Plaintiff, may be barred by operation of § 15-108(b), which has been applied "to bar claims for contribution arising under common law fraud," as in this case. *Minpeco, S.A. v. Conticommodity Services, Inc.*, 677 F. Supp. 151, 153 (1988) (citations omitted) (holding that § 15-108(b) also bars claims sounding in fraud).

indemnification. (*See* Dkt. 26 at ¶¶ 127-147.) Although the Weinstein Defendants have settled their claims with Plaintiff, the Consent Judgment that they signed, (Dkt. 249), does not state that Weinstein and Pine Projects are terminating their cross-claims, but instead, states that the Consent Judgment "shall not have an estoppel effect with regard to any other civil or criminal proceeding." (*Id.*) By order filed June 7, 2016, Judge Go directed the Weinstein Defendants to advise by June 15, 2016 whether they intend to pursue their cross-claims. After they failed to respond, Judge Go extended their time to file a report to June 27, 2016 and warned that "absent an indication that they intend to proceed with these cross-claims, the Court will recommend dismissal of those claims with prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41." (6/21/2016 Order.)

To date, the Weinstein Defendants have not filed any report nor have they filed any joint pretrial order submissions with respect to their cross-claims. Given their failure to respond after being warned, the Court dismisses their cross-claims.

## CONCLUSION

For the reasons discussed above, Plaintiff's claims against Defendants Siforov, Quick LLC, Shain, and Gindi, and all cross-claims asserted by Defendants Eli Weinstein and Pine Projects, are dismissed. If Defendants Shain and Gindi do not express their interest in pursuing their cross-claims by July 29, 2016 *and* file proposed joint pretrial order submissions by August 5, 2016, their cross-claims will also be dismissed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 19, 2016
      Brooklyn, New York